Charles E. Weir (SBN 211091)
Andrew M. Beshai (SBN 308030)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, California 90067-2506
Telephone: 310.556.8861
Facsimile: 310.553.2165
CWeir@ebglaw.com
ABeshai@ebglaw.com

Attorneys for Defendant
Peach and Lily, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BUTTERFLI RAIN and CRYSTAL PEREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEACH AND LILY, INC., New York corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.5:26-cv-9219<br><br>**DEFENDANT PEACH AND LILY, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332(d) AND § 1441(a)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Peach and Lily, Inc. ("Defendant"), contemporaneously with the filing of this notice, invokes this Court's jurisdiction under the provisions of 28 U.S.C. Sections 1332(d) and 1441 to remove the above-captioned action, *BUTTERFLI RAIN and CRYSTAL PEREZ, et al. v. PEACH AND LILY, INC.*, Case No. 26CV499270, from the Superior Court of the State of California for the County of Santa Clara ("State Court Action") to the United States District Court for the Northern District of California.

In support thereof, Defendant asserts the following:

## I. PLEADINGS, PROCESS, AND ORDERS

1. On or about July 29, 2026, Plaintiffs Butterfli Rain and Crystal Perez (collectively,

"Plaintiffs") commenced the above-captioned action in the Superior Court of the State of California, County of Santa Clara, against Defendant. (Ex. 1).

2. On August 28, 2026, Defendant accepted service by serving an executed Notice of Acknowledgment on Plaintiffs. (Ex. 2).

3. Defendant seeks removal of the State Court Action.

4. The above documents constitute all pleadings, process, and orders served on or by Defendant in the State Court Action and are attached in accordance with 28 U.S.C. § 1446(a). (Ex. 3).

## II. REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

5. This action is a civil action of which this Court has jurisdiction under 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"), and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action with minimal diversity of citizenship between the parties, a proposed class of at least 100 members, and a matter in controversy exceeding the sum of $5,000,000. *See* 28 U.S.C. § 1332(d); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013); *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 771 (9th Cir. 2020).

### A. There Is Minimal Diversity of Citizenship

6. Removal is proper and district courts shall have original jurisdiction over any civil action where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Thus, under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017), *overruled on other grounds by Faulk v. JELD-WEN, Inc.*, 159 F.4th 618 (9th Cir. 2025).

7. Plaintiffs concede that they are, and at all times relevant to this action were, citizens of California. (*See* Ex. 1, Compl. ¶¶ 10-11). "[U]nder CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction

where no party challenges the allegations." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013).

8. Turning to Defendant, "[i]n determining whether there is diversity of citizenship between corporate parties, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002) (citations omitted); 28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 78 (2010) (holding a corporation's "principal place of business" within the meaning of section 1332(c)(1) is its corporate headquarters so long as it is the center of direction, control, and coordination).

9. Defendant is a corporation that was duly created and organized under the laws of the State of New York. (*See* Ex. 1, Compl. ¶ 13). During all relevant times alleged in the Complaint and as of the date of this Notice of Removal, Defendant's headquarters and principal place of business were located in New York, New York. (*Id.*). From the executive and administrative offices at this New York location, Defendant's executive corporate officers direct, control, and coordinate Defendant's services and overall business operations. (*Id.*). Thus, Defendant is a citizen of New York.

10. Not only are the named Plaintiffs diverse from Defendant, thereby establishing minimal diversity, but the Complaint's allegation of a nationwide class is also an independent basis for minimal diversity. (*See* Ex. 1, Compl. ¶ 35 [defining the proposed class as "[a]ll persons or entities that, within four years prior to the filing of this Complaint through present, purchased the Products in the United States"]). Courts have held that where, as here, "a class definition captures a nationwide class of customers who purchased Defendant's products across the country," such a class "necessarily encompasses citizens of any state," resulting in minimal diversity. *Hicks v. Grimmway Enters., Inc.*, No. 22-CV-2038 JLS (DDL), 2023 WL 3319362, at *5, 10 (S.D. Cal. May 9, 2023).; *see also Stern v. RMG Sunset, Inc.*, No. 17-CV-1646 JLS (NLS), 2018 WL 2296787, at *7 (S.D. Cal. May 21, 2018) ("Plaintiff's motion clearly meets the minimal diversity standard because it contains no limiting provision as to citizenship in the class.").

11. Accordingly, the requirements for minimal diversity jurisdiction per 28 U.S.C. §

1332(d)(2)(A) are satisfied because Plaintiffs are citizens of California and Defendant is a citizen of New York.

**B. <u>The Proposed Class Exceeds 100 Members</u>**

12. The second requirement for removal is that "the number of members of all *proposed* plaintiff classes" must be 100 or greater. 28 U.S.C. § 1332(d)(5)(B) (emphasis added). "Class members" are defined as "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

13. Plaintiffs' proposed class is "[a]ll persons or entities that, within four years prior to the filing of this Complaint through present, purchased the Products in the United States, displaying the Oil Free Representation on the Products' labels, for purposes other than resale ('Nationwide Class')" and "[a]ll persons or entities that, within four years prior to the filing of this Complaint through present, purchased the Products in California, displaying the Oil Free Representation on the Products' labels, for purposes other than resale ('California Subclass')." (*See* Ex. 1, Compl. ¶ 35).

14. Further, Plaintiffs allege that the Nationwide Class consists of "tens of thousands of purchasers (if not more) dispersed throughout the United States," and the California Subclass entails "thousands of purchasers (if not more) dispersed throughout the State of California." (Compl. ¶ 38). *See Peralta v. Countrywide Home Loans, Inc.*, No. C 09-3288 JPH, 2009 WL 3837235, at *3 (N.D. Cal. Nov. 16, 2009) ("The requirement of 100 persons or more is satisfied here, as plaintiffs allege that they 'are informed and believe that the entire Class consist(s) of approximately tens of thousands of individuals residing in California.'").

15. Therefore, the minimum proposed class size of 100 class members under CAFA is met. *See* 28 U.S.C. § 1332(d)(5)(B).

**C. <u>The Amount in Controversy Exceeds $5,000,000</u>**

16. The final requirement for removal under CAFA is that the amount in controversy exceed $5,000,000. 28 U.S.C. § 1332(d)(2). Under 28 U.S.C. section 1446(a), a defendant needs to offer a "short and plain statement of the grounds for removal." "Congress, by borrowing the familiar short and plain statement standard from Rule 8(a), intended to simplify the pleading

requirements for removal and to clarify that courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014) (quotation marks and citations omitted). Although a presumption against federal jurisdiction exists in the usual diversity case, "no antiremoval presumption attends cases invoking CAFA." *Id.* (citations omitted).

17. Without conceding that Plaintiffs are entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $5,000,000. "The Supreme Court has said that a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is reasonably possible that the potential liability exceeds $5 million. Defendant need not make extrapolations or engage in guesswork—CAFA only "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability," and "[m]ultiplying figures stated in a complaint is an aspect of that duty." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136 (9th Cir. 2013).

18. Here, Plaintiffs assert class action claims for violations of the Consumers Legal Remedies Act, Unfair Competition Law, False Advertising Law, Unjust Enrichment, Breach of Warranty, Intentional Misrepresentation, and Negligent Misrepresentation seeking damages for: 1) "monetary compensation in the form of damages, restitution, and/or disgorgement"; 2) "punitive damages, statutory penalties, and/or monetary fines"; and 3) attorneys' fees and litigation costs, among others. (*See* Ex. 1, Compl. ¶ 137, Prayer for Relief.)

19. Defendant denies the validity and merit of all of Plaintiffs' claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, assuming Plaintiffs' claims to be true for this removal only, the amount in controversy exceeds the jurisdictional minimum.

20. <u>Compensatory Damages</u>: While Defendant denies that Plaintiffs or any other class member has suffered damages from purchasing Defendant's products, Plaintiffs allege that Defendant allegedly misrepresented two of its moisturizers—"Peach Slices Snail Rescue" and

"Peach Slices Acne"—as being "Oil Free." (Ex. 1, Compl. ¶¶ 2-3). Plaintiffs seek "recovery of the price premium they and other consumers paid for" the products as well as "damages, restitution, and/or disgorgement of ill-gotten gains." (*Id.* ¶¶ 4, 119).

21. Nationwide retail sales of the two products identified in the Complaint over the last four years exceed $5 million.

22. Attorney's Fees: Plaintiffs also seeks to recover attorneys' fees. "[O]nce the Court calculates Plaintiff's total damages, attorneys' fees may be calculated as twenty-five percent (25%) of that amount" in a typical CLRA class action such as this. *Stoff v. Wells Fargo Bank*, N.A., No. 321CV00793BENKSC, 2021 WL 5449036, at *10 (S.D. Cal. Nov. 22, 2021); Cal. Civ. C. § 1780(e) (attorneys' fees recoverable by "a prevailing plaintiff").

23. Here, for purposes of this Notice of Removal only, given the compensatory damages and statutory penalties exceed $5 million, the attorney's fees would exceed $1.25 million, or 25% of the total damages in controversy. *Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014) ("The reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases.").

24. Punitive Damages: "[A] defendant satisfies the amount-in-controversy requirement under CAFA if it is reasonably possible that it may be liable for the proffered punitive damages amount. One way to meet this burden is to cite a case based on the same or a similar statute in which the jury or court awarded punitive damages based on the punitive-compensatory damages ratio relied upon by the defendant in its removal notice." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). In *Greene*, the Ninth Circuit held that the defendant had "relied on a reasonable chain of logic" to assume that a minimum 1:1 punitive-compensatory damages ratio was at stake in a CLRA case alleging mislabeling of products because the defendant had cited "four cases where juries had awarded punitive damages at ratios higher than 1:1 for claims based on the CLRA." *Id.* So, too, here Defendant can reasonably assert a potential for $5 million in punitive damages based on the same 1:1 ratio in CLRA cases.

25. Without conceding any merit to the complaint's damages allegations or causes of

action, the amount in controversy, as alleged in the Complaint, easily exceeds CAFA's $5,000,000 jurisdictional threshold. As such, the threshold of 28 U.S.C. § 1332(d) is satisfied and this action is removable under 28 U.S.C. §§ 1332 and 1441.

## III. VENUE IS PROPER IN THE NORTHERN DISTRICT OF CALIFORNIA

26. Plaintiff originally filed this action in the Superior Court of the State of California, County of Santa Clara. Plaintiffs allege that they are citizens of California and one or more of the alleged transactions that form the basis of this action occurred in Santa Clara County. (*See* Ex. 1, Compl. ¶¶ 10-11).

27. The County of Santa Clara lies within the jurisdiction of the United States District Court for the Northern District of California. 28 U.S.C. §§ 84(a). Therefore, venue lies in the Northern District of this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). (*See id.*).

## IV. REMOVAL IS TIMELY

28. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of service of the Summons and Complaint on Defendant on August 28, 2026, and within one (1) year from the date of this action's commencement. Counsel for the Defendant signed the Notice of Acknowledgement on August 28, 2026, accepting service on behalf of Defendant, and making service effective as of that date pursuant to California Civil Procedure Code § 415.30(c). (*See* Ex. 2). "[U]nder § 1446(b)(1), the removal time limit starts to run only when the defendant has received the complaint and has been formally served." *Mayes v. Am. Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1079 (9th Cir. 2024). In California, "[u]nder § 415.30, service is not deemed complete until each defendant executes 'written acknowledgment of receipt of summons.'" *Nguyen v. JP Morgan Chase Bank, N.A.*, 2009 WL 10675888, at *1 (C.D. Cal. June 9, 2009). Where, as here, a defendant "filed its Notice of Removal less than 30 days after the [Notice of Acknowledgment] was executed, Defendant's removal of th[e] action [is] timely." *Angelina & Katherine Garden, LLC v. United States Liab. Ins. Co.*, No. CV 25-7570-JFW(ASX), 2025 WL 2852229, at *2 (C.D. Cal. Oct. 7, 2025).

29. A copy of this Notice of Removal will be timely served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California, County of Santa Clara as required under

28 U.S.C. § 1446(d). (*See* Ex. 4).

## V. NON-WAIVER OF DEFENSES

30. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defenses or affirmative matters, including a motion to compel individual arbitration, strike class action claims, or a motion to dismiss or motion for judgment on the pleadings under the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.

Dated: August 28, 2026

EPSTEIN BECKER & GREEN, P.C.

By: ______________________

Charles Weir
Andrew Beshai

Attorneys for Defendant
Peach and Lily, Inc.