United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BUTTERFLI RAIN, et al.,
Plaintiffs,
v.
PEACH AND LILY, INC.,
Defendant.

Case No. 26-cv-09219-NW

**ORDER GRANTING IN PART AND DISMISSIG IN PART DEFENDANT'S MOTION TO DISMISS**

Re: ECF No. 9

Plaintiffs Butterfli Rain and Crystal Perez brought this putative class action in California state court on behalf of themselves and consumers in California and nationwide who purchased Defendant's[1] Peach Slices brand "Snail Rescue All-In-One 'Oil Free' Moisturizer" and "Acne 'Oil-Free' Moisturizer" skincare products (together, the "Skincare Products"). ECF No. 1-1 ¶¶ 1, 5, 10–11, 35. On August 28, 2026, Defendant Peach and Lily, Inc. removed this case under the Class Action Fairness Act. ECF No. 1. Then, Defendant moved to dismiss Plaintiffs' claims as preempted by the Food, Drug, and Cosmetic Act ("FDCA") or as failing to plausibly plead a false or misleading statement (and as lacking standing as to certain products), and in the alternative requesting this Court exercise discretion to stay the case pending primary resolution by the Food and Drug Administration ("FDA"). *See* ECF No. 9. The Court held a hearing on November 19, 2026. ECF No. 14. For the following reasons, the Court GRANTS IN PART and DENIES IN PART the motion.

[1] "Defendant" refers to Defendant Peach and Lily, Inc. Plaintiffs also name 20 Doe Defendants, whom the parties do not address in the briefing and who are not at issue in the motion before the Court.

## I. BACKGROUND[2]

Defendant Peach and Lily, Inc., a New York corporation, is the manufacturer, distributor, marketer, and seller of the Skincare Products. ECF No. 1-1 ¶ 13. Each of the Skincare Products includes the statement "Oil Free" on its front side. *Id.* ¶ 5. But Plaintiffs allege that the Skincare Products in fact contain the following "oil ingredients and oil-derived ingredients": "cetyl ethylhexanoate, cetearyl alcohol, sorbitan olivate, cetearyl olivate, caprylic/capric triglyceride, and glyceryl stearate." *Id.* ¶ 21 (collectively, the "Ingredients"). Cetyl ethylhexanoate "is an ester[,] . . . engineered to be 'very similar to natural purcellin oil'—the preen gland oil of waterfowl that keeps feathers water-resistant." *Id.* ¶ 21.d. Cetearyl alcohol "is a mixture of fatty alcohols[,] . . . naturally in coconut and palm oil." *Id.* ¶ 21.e. Sorbitan olivate and cetearyl olivate are both "olive oil-derived ingredients." *Id.* ¶ 21.c. Caprylic/capric triglyceride "is a triglyceride derived from coconut oil or palm kernel oil." *Id.* ¶ 21.a. Finally, glyceryl stearate is "fatty acid ester obtained from coconut, palm kernel, or olive sources." *Id.* ¶ 21.b. The complaint explains that "[o]il is a term used to describe substances that are hydrophobic and lipophilic," and includes "groups such as hydrocarbons, triglycerides, esters, fatty acids, silicones, and fatty alcohols," and that lay consumers associate such the physical characteristics of such substances with oils. *Id.* ¶ 22.

Plaintiff Rain purchased the Peach Slices Snail Rescue All-In-One "Oil Free" Moisturizer while Plaintiff Crystal Perez purchased the Peach Slices Acne "Oil Free" Moisturizer. *Id.* ¶ 33. Plaintiffs allege that consumers generally purchase "such products because they do not want oils on their skin, or they want to avoid greasy or shiny residue, want to reduce the risk of clogged pores or breakouts, and want products that feel lighter and less oily in actual use." *Id.* ¶ 23. They explain that they specifically purchased the Skincare Products because of the label and would not have done so if they knew "that the Products contained oil ingredients." *Id.* ¶¶ 10–11.

Plaintiffs bring three statutory causes of action under California's Unfair Competition Law ("UCL"), for false advertising, and for violation of the Consumers Legal Remedies Act (the

[2] The facts are drawn primarily from Plaintiffs' complaint, the well-pleaded allegations of which the Court takes as true for the purposes of a motion to dismiss. *See, e.g.*, *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

United States District Court
Northern District of California

"CLRA"). Cal. Bus. & Prof. Code § 17200 *et seq.*; Cal. Bus. & Prof. Code § 17500 *et seq.*; Cal. Civ. Code § 1750, *et seq.* Plaintiffs also bring claims for breach of express warranty, unjust enrichment, and intentional and negligent misrepresentation. ECF No. 1-1. Plaintiffs seek damages as well as injunctive relief. *Id.* at 42–43 (Prayer for Relief).

## II. LEGAL STANDARD

### A. Rule 12(b)(6) – Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

But Plaintiffs "generally need not plead around affirmative defenses." *Yelp Inc. v. Google LLC*, No. 24-CV-06101-SVK, 2025 WL 1168900, at *5 (N.D. Cal. Apr. 22, 2025) (quoting *Ploof v. Arizona*, No. 22-15061, 2023 WL 2929314, at *1 (9th Cir. Apr. 13, 2023)). Even so, as with other affirmative defenses, preemption may be addressed at the pleading stage if it "is apparent on the face of the complaint." *Lovejoy v. Bank of Am., N.A.*, No. 13-cv-1638-DMR, 2013 WL 3360898, at *6 (N.D. Cal. July 3, 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010); *see also, e.g.*, *Leonard v. CVS Pharmacy, Inc.*, No. 5:24-CV-06280-EJD, 2025 WL 2772598, at *5 (N.D. Cal. Sept. 29, 2025) (considering preemption on a motion to dismiss in the context of the FDCA).

### B. Rule 9(b) – Heightened Pleading Standard for Fraud Claims

Under Rule 9(b)'s heightened pleading requirements, plaintiffs whose claims sound in fraud must plead "the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel.*

United States District Court
Northern District of California

*U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (citation omitted). But apart from the heighted requirements as to the substance of the pleading, a motion to dismiss "under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.* In both cases, "insufficiently pled averments … are disregarded[.]" *Id.* "As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice." *Id.* at 1108. Thus, "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Id.* (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir.1988)).

## III. DISCUSSION

### A. Plaintiffs' Claims Are Not Preempted by the FDCA

The Court begins by addressing Defendant's preemption argument. "Congress enacted the FDCA as a comprehensive federal scheme of food[,] drug[, and cosmetics] regulation to ensure safety and proper labeling." *See Leonard v. CVS Pharmacy, Inc.*, No. 24-cv-06280-EJD, 2025 WL 2772598, at *5 (N.D. Cal. Sept. 29, 2025). In the context of cosmetics, the FDCA "prohibits any state or local government from 'establishing or continuing in effect any requirement for labeling or packaging of a cosmetic that is different from or in addition to, or that is otherwise not identical with' federal rules." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 757 (9th Cir. 2015) (quoting 21 U.S.C. § 379s(a)) (internal alterations omitted).

Defendant notes that the FDCA, in its implementing regulations, requires "manufacturers to list ingredients for cosmetics marketed to consumers." ECF No. 9 at 14–15 (citing 21 C.F.R. § 701.3). Defendant further asserts that it has accurately listed all ingredients in accordance with the FDCA's requirements and dictionaries adopted by regulation, and that none of the Ingredients at issue are defined as oils in the dictionary. *Id.* (citing CTFA[3] Cosmetic Ingredient Dictionary (2d ed. 1977) (pointing to a "distinct . . . number of oils" such as "mink oil," "olive oil," "palm oil," and "soybean oil.")). And no other requirements even arguably relate to Defendant's claim that the Skincare Products are oil-free. *See id.* Defendant therefore concludes that Plaintiffs'

[3] The Cosmetic, Toiletry, and Fragrance Association. *See* 21 C.F.R. 701.3(c)(2)(ii).

claims are preempted.

The Court disagrees. Defendant's assertion that they have complied with the ingredients list requirement is a non-sequitur. Plaintiffs do not claim that the Skincare Products' ingredient lists are incomplete or deficient; they claim that, given the Skincare Products include those ingredients, the label "oil-free" is inaccurate and misleading. *See* ECF No. 1-1 ¶¶ 21–23.

Defendant's other argument, that the FDCA's silence as to any requirements for making a statement that a cosmetic is "oil-free" means Plaintiffs' claims are preempted, is incorrect. As Plaintiffs' point out, the FDCA's cosmetics preemption provision only applies to situations where "a requirement [is] specifically applicable to a particular cosmetic or class of cosmetics under this chapter." 21 U.S.C. § 379s(a). And the Ninth Circuit in *Astiana v. Hain* confirmed Plaintiffs' reading of the statute: Plaintiffs "claim[] deception as a result of advertising statements that contradicted the true ingredients listed on the FDA-mandated label," and although "FDA regulations do not require [Defendant] to label its products as "[Oil-Free]," if the suit "ultimately requires Hain to remove these allegedly misleading advertising statements from its product labels, such a result does not run afoul of the FDCA." 783 F.3d at 758 (addressing a case where cosmetics were labeled "All Natural").[4] Plaintiffs' claims are not preempted.

**B. The Court Declines to Stay this Case Pending Speculative FDA Action**

The Court next addresses Defendant's contention that the FDA has "primary jurisdiction" over this dispute, and that the Court should thus, in its discretion, stay the case. "The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice

[4] In their motion and reply, Defendant argues that this case is different from *Astiana* because Plaintiffs ask "this Court to issue an injunction imposing additional labeling requirements," *i.e.*, by asking this Court to "require Defendants to engage in an affirmative advertising campaign to dispel the public misperception of the Products resulting from Defendants' unlawful conduct." ECF No. 9 at 15; ECF No. 11 at 6–7. But not only do Plaintiffs seek other, non-injunctive relief, Plaintiffs include this request only as an example of the sorts of injunctions that could redress their injury. ECF No. 1-1 at 42–43 (Prayer for Relief). Plaintiffs request is ultimately only to order "Defendants to change its business practices to prevent or mitigate the risk of the consumer deception," including: "immediately cease and desists from selling the unlawful Products in violation of law," a form of relief that this Court undoubtedly could grant. *Id.* Defendant has not pointed to a single case where a request for one type of relief (whether in the Prayer for Relief or in the complaint itself), included explicitly only as an "example," resulted in preemption of the entire case.



United States District Court
Northern District of California

United States District Court
Northern District of California

pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). Invocation of this doctrine is a matter for the court's discretion. *See id.* at 1114–15. Defendant argues that the Court should exercise its discretion under this doctrine and dismiss the case, because the question of whether the Ingredients at issue are "oils," and therefore whether the "Oil-Free" statement is false, is a matter of first impression for the FDA to determine. ECF No. 9 at 21–23. The Court declines Defendant's invitation.

Although invoking primary jurisdiction may be appropriate where there is "an issue of first impression," (*Astiana*, 783 F.3d at 760), "[d]etermining whether a term is false or misleading is within the province of the courts." *Bohac v. Gen. Mills, Inc.*, No. 12-cv-05280-WHO, 2013 WL 5587924, at *3 (N.D. Cal. Oct. 10, 2013).[5] Moreover, even where there is an issue of first impression, "courts must also consider whether invoking primary jurisdiction would needlessly delay the resolution of claims. [E]fficiency is the deciding factor in whether to invoke primary jurisdiction." *Astiana*, 783 F.3d at 760. The Court finds that efficiency would not be served by invoking the doctrine here for two reasons. First, neither party has sought an administrative determination from the FDA, and if the Court stayed the case so that party could seek administrative action,[6] the Court has no information about if or when (if at all) the FDA would take action given its history of declining to define terms in litigation between private parties and "the multiplicity of other issues that command its attention." *Bohac*, 2013 WL 5587924, at *5; *Barnes v. Campbell Soup Co.*, No. 12-cv-05185-JSW, ECF No. 58 (N.D. Cal. Jan. 24, 2014); *Astiana*, 783 F.3d at 761. Second, this skepticism is bolstered because, as Plaintiffs point out, "despite decades of 'oil free' marketing," Defendant has identified "no regulation, guidance,

---

[5] The Supreme Court's decision in *Loper Bright* may also impact this balance. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024) ("In an agency case as in any other," the Court must interpret and apply the statutory text.). If the FDA issued advisory guidance, but not a new regulation, as to what is or is not an "oil," it would remain up to this Court, in light of that definition, to determine whether Defendant's statement was misleading to a reasonable consumer.

[6] Either Plaintiffs or Defendant may petition the FDA Commissioner to issue or amend a regulation or take other administrative action, *e.g.*, to decide what is and is not an "oil." *See* 21 C.F.R. §§ 10.25(a), 10.30(i) (detailing the "citizen's petition" process),

United States District Court
Northern District of California

warning letter, rulemaking, or pending proceeding concerning 'oil free' cosmetics." ECF No. 10 at 28; *see Astiana*, 783 F.3d at 761 ("a court should not invoke primary jurisdiction when an agency is aware of but has expressed no interest in the subject matter of the litigation."). Defendant's request is DENIED.

**C. Plaintiffs Sufficiently State a Claim as to the Skincare Products**

Turning to the merits, Defendant's argue, for various reasons, that Plaintiffs do not plausibly state a claim that the "oil-free" representation is false or misleading. *See* ECF No. 9 at 16–21. The thrust of Defendant's arguments is that Plaintiffs admit the Ingredients at issue are not oils *per se*, but that each is derived from oils. *Id.* The Court finds this presents a factual dispute, not suitable for resolution at the pleading stage, for two reasons. Specifically, Plaintiffs' complaint alleges that the six Ingredients (or at least, some of them) are "oils," making clear that they perceive oils to be a broader category including "hydrocarbons, triglycerides, esters, fatty acids, silicones, and fatty alcohols." ECF No. 1-1 ¶ 22. Resolution of that dispute will require further factual development, possibly expert testimony, and this is where the dictionary examples (cited by Defendant) may come into play. Second, even if the Ingredients were merely oil-derived and not oils themselves, it remains a factual question whether a reasonable consumer would expect a skincare product labeled "Oil-Free" to be free from oil-derived products as well as oils – much like the statement "nut-free" might be thought to also exclude the presence of peanuts as well, despite them being legumes, not nuts. On a motion to dismiss, the Court draws reasonable inferences in Plaintiffs' favor and so DENIES Defendant's motion to dismiss on this ground.

**D. Plaintiffs' Claims as to Unpurchased Products Are Dismissed**

Finally, Defendant seeks to dismiss Plaintiffs' assertion of claims as to "additional unpurchased products." ECF No. 9 at 16, 24–25. (referring to ECF No. 1-1 ¶ 33). Defendant claims that (1) because Plaintiffs did not personally purchase those products, they cannot pursue a claim as to them and (2) Plaintiffs fail to plead fraud with particularity as to these products. *Id.*

The Court would ordinarily address standing first. Defendant asserts that Plaintiffs must themselves have purchased the products at issue, while Plaintiffs rely on a theory of "substantially similar" products. *Compare* ECF No. 9 at 24–25 *with* ECF No. 10 at 30–32.

United States District Court
Northern District of California

But Plaintiffs' identification of "unpurchased products" is so deficient that the Court cannot meaningfully assess whether Plaintiffs have standing – there are no *specific* products identified, with Plaintiffs instead alleging that all "Peach Slices branded 'oil-free' skincare products" are at issue. *See* ECF No. 1-1 ¶¶ 1, 33. Is that dozens of products? Hundreds? Only moisturizers, or some other "skincare" products as well? It is impossible to tell.

The Court instead DISMISSES all claims as to unpurchased products under Rule 9(b), without prejudice, for failure to identify the products, and thus what misrepresentation, specifically, Defendant is alleged to have made.

## IV. CONCLUSION

For the forgoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss. Plaintiffs claims as to unpurchased products are DISMISSED without prejudice and with leave to amend. Plaintiffs remaining claims may proceed, and the Court DENIES without prejudice Defendant's request to stay or dismiss this action pursuant to the FDA's primary jurisdiction.

If Plaintiffs wish to amend their complaint, they must do so **no later than December 4, 2026**. If Plaintiffs do not amend, Defendant's answer is due **no later than December 18, 2026**.

**IT IS SO ORDERED.**

Dated: November 20, 2026

Noël Wise
United States District Judge